**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4350**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAQUAN LANARD ROUSE, a/k/a SQ, a/k/a Playdoe,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00075-TDS-5)

———————

Submitted:  December 14, 2023                Decided:  December 19, 2023

———————

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Ryan M. Gaylord, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saquan Lanard Rouse seeks to appeal his convictions and the 195-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to Racketeer Influenced Corrupt Organization (RICO) conspiracy, in violation of 18 U.S.C. § 1962(d), and attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Rouse's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning whether Rouse's guilty plea is valid and whether the downward-variant sentence is reasonable. Rouse did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by Rouse's waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Rouse has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Rouse knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable. Rouse's challenge to his sentence falls squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Rouse's appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment.

2

This court requires that counsel inform Rouse, in writing, of the right to petition the Supreme Court of the United States for further review. If Rouse requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rouse. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*